UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JEREMY HOLLINS,<br>　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF WEST SPRINGFIELD, THOMAS SUDNICK, JOSEPH WOLOWICZ, JOSEPH CASEY, NATHAN O'BRIEN, ADAM POLASTRY, RONALD CAMPURCIANI, and JOHN/JANE DOES (current or former employees of the City of West Springfield),<br>　　　　　　Defendants. | CIVIL ACTION NO. |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, Jeremy Hollins, by and through undersigned counsel, and for his Complaint against the City of West Springfield and various police officers employed by the City, states as follows:

**PARTIES**

1. Plaintiff Jeremy Hollins is a natural person and resident of Massachusetts at all times relevant to the complaint.

2. Defendant City of West Springfield ("West Springfield" or the "City") is a municipal corporation of the Commonwealth of Massachusetts and a "public employer," as defined by the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 1 *et seq.*

3. Defendant Thomas Sudnick ("Sudnick" or "Officer Sudnick") is a natural person who, at all times relevant to this complaint, was employed as a police officer by the West

1

Springfield Police Department ("WSPD").  Defendant Sudnick was on-duty the night of the incident described below and acting in his official capacity as a police officer. At all times material to this complaint, Defendant Sudnick was acting under color of law and within the scope of his employment. He is being sued in his individual capacity.

4. Defendant Joseph Wolowicz ("Wolowicz" or "Officer Wolowicz") is a natural person who, at all times relevant to this complaint, was employed as a police officer by the WSPD.  Officer Wolowicz was on-duty the night of the incident described below and acting in his official capacity as a police officer.  At all times material to this complaint, Defendant Wolowicz was acting under color of law and within the scope of his employment.  He is being sued in his individual capacity.

5. Defendant Joseph Casey ("Casey" or "Officer Casey") is a natural person who, at all times relevant to this complaint, was employed as a police officer by the.  Officer Casey was on-duty the night of the incident described below and acting in his official capacity as a police officer.  At all times material to this complaint, Defendant Casey was acting under color of law and within the scope of his employment.  He is being sued in his individual capacity.

6. Defendant Nathan O'Brien ("O'Brien" or "Officer O'Brien") is a natural person who, at all times relevant to this complaint, was employed as a police officer by the WSPD.  Officer O'Brien was on-duty the night of the incident described below and acting in his official capacity as a police officer.  At all times material to this complaint, Defendant O'Brien was acting under color of law and within the scope of his employment.  He is being sued in his individual capacity.

7. Defendant Adam Polastry ("Polastry" or "Sergeant Polastry") is a natural person who, at all times relevant to this complaint, was employed as a Sergeant by the WSPD. Sergeant Polastry was on-duty the night of the incident described below and acting in his official capacity as a police officer. At all times material to this complaint, Defendant Polastry was acting under color of law and within the scope of his employment. He is being sued in his individual capacity.

8. Defendant Ronald Campurciani ("Campurciani" or "Chief Campurciani") is a natural person who, at all times relevant to this complaint was employed and served as the Chief of Police for the WSPD at all times relevant to this complaint. At all material times to this complaint, Defendant Campurciani was acting under color of law and within the scope of his employment. He is being sued in his individual capacity.

9. At all times referred to in this complaint, the individual Defendants were acting as employees, agents, or servants of Defendant the City.

10. Defendants John/Jane Does are natural persons who, at all times relevant to this complaint, were employed as police officers in the West Springfield Police Department. Defendants John/Jane Does were on-duty the night of the incident described below and acting in their official capacities as police officers. At all material times to this complaint, Defendants John/Jane Does were acting under color of law and within the scope of their employment. They are being sued in their individual capacities.

11. At all times referred to in this complaint, the individual Defendants were acting under color of state law.

12. At all times referred to in this complaint, the individual Defendants were engaged in a joint venture.

13. At all times referred to in this complaint, the individual Defendants were acting in concert in their conduct and communications concerning Mr. Hollins.

## JURISDICTION AND VENUE

14. This court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, which confers on the district court jurisdiction over all civil actions arising from violations of rights guaranteed by, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

15. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, which confer on the district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

16. This court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Plaintiff's state law claims.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

18. In the early morning hours of April 23, 2017, Mr. Hollins was driving his late-model Lexus sedan on Memorial Avenue in West Springfield, Massachusetts.

19. At divers times on the same date, Mr. Hollins' vehicle was being followed or pursued by West Springfield Police Officers, including but not limited to Defendants Sudnick, Wolowicz, Casey, and O'Brien.

20. Mr. Hollins drove to visit a friend who resided in the Wentworth Estates Condominiums in West Springfield, Massachusetts.

21. Upon arriving at the Wentworth Estates Condominiums, Mr. Hollins parked his vehicle along the side of Cold Spring Avenue near his friend's condominium.

22. After Mr. Hollins parked his vehicle, a WSPD officer pulled up near his vehicle, exited his cruiser with his firearm drawn and approached Mr. Hollins' vehicle while shining his cruiser's overhead lights onto Mr. Hollins' vehicle and simultaneously shining his flashlight on Mr. Hollins as he was seated in the driver's seat.

23. In fear for his safety, Mr. Hollins backed his vehicle away from the direction the officer was approaching, down the street to a corner of Cold Spring Avenue.

24. As Mr. Hollins was backing his vehicle around a corner of Cold Spring Avenue and away from the officer, Defendant O'Brien purposefully crashed his cruiser into Mr. Hollins' vehicle.

25. Once Mr. Hollins' vehicle came to a stop after the collision, multiple police officers, including but not limited to Defendants Sudnick, Wolowicz, Casey, O'Brien, and John/Jane Does, positioned their cruisers so as to block Mr. Hollins' vehicle, and they drew their service firearms and approached Mr. Hollins' vehicle.

26. While Mr. Hollins' vehicle was stopped, one or more officers fired at Mr. Hollins and his vehicle. Feeling his life and freedom threatened by the conduct of multiple police officers and by the position of multiple cruisers, Mr. Hollins attempted to drive away as several officers continued to fire their guns at him while he was unarmed.

27. After the initial encounter during which police officers fired their service firearms at Mr. Hollins multiple times, Defendant Polastry exchanged his firearm with Defendant Sudnick's.

28. When the police officers and cruisers were no longer in his sight, Mr. Hollins parked his vehicle several streets away from the encounter with the WSPD officers.

29. Knowing the police were in pursuit and still fearing for his life because he had been shot at and his vehicle had been struck by bullets and cruisers multiple times, Mr. Hollins exited his vehicle and ran, unarmed, from the vehicle and from the pursuit by police officers.

30. Mr. Hollins ran to his friend's condominium within the Wentworth Estates complex. His friend was not home, so Mr. Hollins hid in a nearby stairwell, still fearing for his life.

31. WSPD officers, including but not limited to Defendant Sudnick, combed the area and tracked Mr. Hollins down in a stairwell area near his friend's condominium and opened fire on him. Injured from the gunshot wound and unarmed, Mr. Hollins fled the stairwell area, believing he was about to be killed.

32. As Mr. Hollins ran away from the officers, the officers and others continued to fire their guns at him. After running a short distance, Mr. Hollins stopped, as he realized he was surrounded, raised both his arms with the front of his body facing a shed within the condominium complex; then acting like a posse from a wild west scene, multiple WSPD officers, including but not limited to Defendants Sudnick, Wolowicz, Casey, O'Brien, and John/Jane Does, opened fired and shot Mr. Hollins twice while he was stopped, surrendering with both his arms raised, unarmed, and posing no threat to anyone.

33. After Mr. Hollins had suffered multiple gunshot wounds, WSPD officers, including but not limited to Defendants, Sudnick, Wolowicz, Casey, and John/Jane Does, tackled him to the ground, flipped him onto his stomach, handcuffed him, and dragged him away from the shed area toward a parking lot area.

34. At all times relevant to the complaint, Mr. Hollins was unarmed, and he was not holding or carrying any object in his hands that reasonable police officers would perceive as a firearm or other dangerous weapon.

35. The police observed that Mr. Hollins had sustained multiple gunshot wounds and was bleeding profusely from multiple areas.

36. Mr. Hollins was transported to Baystate Medical Center, where he received treatment for his injuries caused by the multiple gunshot wounds and other injuries.

37. At no time relevant to this complaint did Mr. Hollins handle, brandish, or wield a firearm.

38. At no time relevant to the complaint did Mr. Hollins have a firearm in his possession, nor did he carry any other type of object that a reasonable police officer would perceive to be a weapon.

39. The Massachusetts State Police recovered some thirty (30) bullet casings that had been discharged by WSPD officers for the purpose of shooting Mr. Hollins.

40. Among the casings recovered were those matching the firearms carried or used by Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does.

**COUNT I – Violations of 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 12, § 11H**
**Use of Excessive Force**
**(Defendants Sudnick, Wolowicz, Casey, O'Brien, and John/Jane Does)**

41. Mr. Hollins repeats and incorporates herein the allegations in paragraphs 1 – 40.

42. At all times relevant to the Complaint, Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does were acting under color of state law in in their capacity as WSPD officers.

43. At all times relevant to the Complaint, Mr. Hollins had a clearly established constitutional rights under the United States Constitution and various amendments, and

under the Massachusetts Declaration of Rights, to be secure in his person from the use of excessive force.

44. Any reasonable police officer knew or should have known that the use of deadly force against an unarmed, fleeing suspect is excessive.

45. The force used by the Defendants was likely to lead to severe injuries and death, and it did in fact lead to severe, unjustified injuries: multiple life-threatening gunshot wounds.

46. As a direct and proximate result of the Defendants' use of excessive and deadly force, Mr. Hollins has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, has suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability, impairment, and other damages.

## COUNT II- VIOLATION OF 42 U.S.C. § 1983
### (Chief Campurciani, Sergeant Polastry, and The City)

47. Mr. Hollins repeats and incorporates herein the allegations in paragraphs 1-46.

48. At all times relevant to the complaint, Defendant Campurciani was acting under color of state law in his capacity as WSPD Chief of Police and as a supervisor of the other individual Defendants.

49. At all times relevant to the complaint, Defendant Sergeant Polastry was acting under color of state law in his capacity as a WSPD Sergeant and as a supervisor of the individual Defendants.

50. Defendants Chief Campurciani, Sergeant Polastry, and the City were responsible for implementing reasonable standards, policies, and procedures for hiring police officers

qualified to serve;  reasonable standards, policies, and procedures regarding the training and  supervision of the City's police officers; reasonable standards, policies, and procedures regarding traffic stops and arrests; and reasonable standards, policies, and procedures regarding the use of force and the degree of force considered reasonable.

51. Defendants Chief Campurciani, Sergeant Polastry, and the City violated the constitutional and civil rights of Mr. Hollins and violated the provisions of 42 U.S.C. § 1983, by failing to establish and implement reasonable standards, policies and procedures for hiring police officers qualified to serve;  reasonable standards, policies, and procedures regarding the training and  supervision of the City's police officers; reasonable standards, policies, and procedures regarding traffic stops and arrests; and reasonable standards, policies, and procedures regarding the use of force and the degree of force considered reasonable.

52. Defendants Chief Campurciani, Sergeant Polastry, and the City were responsible for providing adequate training and supervision to City employees, including Defendants Casey, Wolowicz, Sudnick, and O'Brien, concerning their treatment of persons such as Mr. Hollins.

53. Defendants Chief Campurciani, Sergeant Polastry, and the City were deliberately indifferent to Mr. Hollins' constitutional and civil rights, by providing inadequate training, failing to provide adequate or any supervision, and failing to implement policies and procedures to protect Mr. Hollins' safety and his constitutional and civil rights.

54. By their action and inaction, these Defendants demonstrated callous indifference to the constitutional and civil rights of Mr. Hollins.

55. By not properly training and/or supervising City employees, including the individual Defendants, Chief Campurciani, Sergeant Polastry, and the City violated Mr. Hollins' constitutional and civil rights.

56. The shooting and arrest of Mr. Hollins and the use of otherwise excessive force against Mr. Hollins, all in violation of Mr. Hollins' constitutional and civil rights, resulted directly and proximately from the conduct or inaction of Defendants Chief Campurciani and the City.

57. As a direct and proximate result of the wrongful conduct of Defendants Chief Campurciani and the City, Mr. Hollins has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, has suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability, impairment, and other damages.

**COUNT III – Violation of Mass. Gen. Laws ch. 12, §§ 11H and 11I**
**(Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does)**

58. Mr. Hollins repeats and incorporates herein the allegations in paragraphs 1-57.

59. At all times relevant to the Complaint, Mr. Hollins had a clearly established constitutional right, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, and to the Massachusetts Declaration of Rights, to be free from unreasonable use of force.

60. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

61. At all times relevant to the Complaint, Defendants Sudnick, Wolowicz, Casey, O'Brien, and John/Jane Does were acting under color of state law in their capacities as police officers, and their acts were conducted within their official duties and employment.

62. At all times relevant to the Complaint, Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does, were acting pursuant to municipal custom, policy, decision, ordinance, habit, usage, or practice.

63. Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does, by threats, intimidation, or coercion, interfered with Mr. Hollins' exercise and enjoyment of his rights secured by the Constitution or laws of the United States and of the Commonwealth of Massachusetts.

64. As a direct and proximate result of the conduct of Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does, Mr. Hollins has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability, impairment, and other damages.

### COUNT IV – Violation of Mass. Gen. Laws ch. 12, §§ 11H and 11I
**(Chief Campurciani, Sergeant Polastry, and The City of West Springfield)**

65. Mr. Hollins repeats and incorporates herein the allegations in paragraphs 1-64.

66. At all times relevant to the complaint, Mr. Hollins had a clearly established constitutional right, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and to the Massachusetts Declaration of Rights, to be free from unreasonable use of force.

67. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

68. At all times relevant to the complaint, Defendants Chief Campurciani, Sergeant Polastry, and the City were acting under color of state law.

69. At all times relevant to the complaint, Defendants Chief Campurciani, Sergeant Polastry and the City established, implemented and followed municipal customs, policies, procedure, practices, decisions, ordinances, habits, and usage concerning the hiring, training and supervision of the City's police officers; concerning the methods by which traffic stops and arrests should be effectuated; and concerning when and the degree to which force may be used.

70. Defendants Chief Campurciani, Sergeant Polastry, and the City owed a duty to Mr. Hollins to implement reasonable standards, policies, and procedures for hiring police officers qualified to serve; reasonable standards, policies, and procedures regarding the training and supervision of the City's police officers; reasonable standards, policies, and procedures regarding traffic stops and arrests; and reasonable standards, policies, and procedures regarding the use of force and the degree of force considered reasonable.

71. As a direct and proximate result of the conduct of Defendants Chief Campurciani, Sergeant Polastry, and the City, Mr. Hollins suffered severe bodily injury, including but not limited injuries from being struck by three bullets, one in each shoulder and one in his left thigh, and a fractured left femur caused by a gunshot.

72. As a further direct and proximate result of the conduct of Defendants Chief Campurciani, Sergeant Polastry, and the City, Mr. Hollins has suffered physical and emotional injuries, and other damages and losses described herein, entitling him to compensatory damages,

economic damages, medical expenses, lost wages, lost future income, special damages, punitive damages, and attorneys' fees and costs in amounts to be determined at trial.

**COUNT V – Assault and Battery**
**(Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does)**

73. Mr. Hollins repeats and incorporates herein the allegations in paragraphs 1-72.

74. Without legal justification or excuse, bullets from firearms possessed or discharged by Defendants Sudnick, Wolowicz, Casey, Polastry, or John/Jane Does struck Mr. Hollins.

75. Without legal justification or excuse Defendant O'Brien intentionally or negligently crashed her cruiser into Mr. Hollins' vehicle.

76. Without legal justification or excuse, after Mr. Hollins suffered multiple gunshot wounds, WSPD officers tackled him to the ground, flipped him onto his stomach, handcuffed him, and dragged him on the ground.

77. To the extent the individual Defendants were justified in assaulting or coming into contact with Mr. Hollins, the degree of force used was excessive, unjustified, and unreasonable.

78. Mr. Hollins did not consent to being assaulted or coming into contact with the individual Defendants.

79. As a direct and proximate result of the wrongful conduct of Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry and John/Jane Does, Mr. Hollins has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, lost his privilege to operate a motor vehicle, suffered a disruption in his daily activities and a diminished

quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability, impairment, and other damages.

### COUNT VII– Massachusetts Tort Claims Act
### Mass. Gen. Laws ch. 258, §§ 2 and 4
### (The City of West Springfield)

80. Mr. Hollins repeats and incorporates herein the allegations in paragraphs 1-79.

81. At all times relevant to the complaint, Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does were acting in the course and scope of their employment as police officers for the City.

82. At all times relevant to the complaint, Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does owed a duty to Mr. Hollins to insure he was not harmed or injured while being taken into custody and while he was in custody.

83. Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does breached their duties of care to Mr. Hollins by using excessive force that resulted in severe injuries to Mr. Hollins.

84. As a direct and proximate result of the breaches of duties of care by Defendants Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does, for which the City is legally responsible or liable, Mr. Hollins suffered substantial physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, and punitive and other damages in amounts to be determined at trial.

85. On December 28, 2018, Mr. Hollins' counsel served the Defendants with a presentment letter pursuant to the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 4, by and through the West Springfield Chief of Police and the West Springfield Mayor.

86. The City, the Mayor, and the Chief of Police acknowledged receipt of the presentment letter through their insurer, MIIA Member Services.

### COUNT IX – Intentional and/or Negligent Infliction of Emotional Distress
### (Sudnick, Wolowicz, Casey, O'Brien, Polastry, John/Jane Does, the City)

87. Mr. Hollins repeats and incorporates herein the allegations in paragraphs 1-86.

88. At all times relevant to the complaint, the individual Defendants intentionally or negligently caused Mr. Hollins severe emotional distress by their actions.

89. The conduct by the individual Defendants, for which the City is legally responsible or liable, was extreme, outrageous, beyond the bounds of decency, and likely to result in severe emotional distress to Mr. Hollins, which Mr. Hollins did in fact suffer.

90. As a direct and proximate result of the conduct of the individual Defendants, for which the City is legally responsible or liable, Mr. Hollins suffered great pain of mind and body and was otherwise damaged.

**WHEREFORE**, Mr. Hollins requests that this Court enter judgment in his favor and against the Defendants, jointly and severally, on all counts of this Complaint and award him:

A. compensatory damages;

B. punitive damages;

C. interest and costs;

D. attorneys' fees; and

E. such other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Mr. Hollins hereby demands a trial by jury on all issues so triable.

                                  Respectfully submitted,
                                  The Plaintiff, Jeremy Hollins,
                                  By and through his attorneys,

Dated: March 26, 2020

                                  */s/ Michael J. Grace*
                                  Raipher D. Pellegrino
                                  BBO # 560614
                                  E-mail: rdp@raipher.com
                                  265 State Street
                                  Springfield, MA 01103
                                  Michael J. Grace
                                  BBO # 205875
                                  E-mail: mjg@raipher.com
                                  Raipher, P.C.
                                  100 Cambridge Street, 14th Floor
                                  Boston, MA 02114
                                  Tel. No.: (617) 904-7778
                                  Fax. No.: (857) 214-4801