UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JEREMY HOLLINS,<br>                Plaintiff,<br><br>v.<br><br>THE CITY OF WEST SPRINGFIELD,<br>THOMAS SUDNICK, JOSEPH WOLOWICZ,<br>JOSEPH CASEY, NATHAN O'BRIEN,<br>ADAM POLASTRY, RONALD<br>CAMPURCIANI, JOHN/JANE DOES (current<br>or former employees of the City of West<br>Springfield), and MIIA PROPERTY<br>AND CASUALTY GROUP, INC.<br>                Defendants. | Civil Action No.: 3:20-cv-10628-MGM |

**ANSWER AND JURY CLAIM OF DEFENDANT,
MIIA PROPERTY AND CASUALTY GROUP, INC.
TO THIRD AMENDED COMPLAINT**

FIRST DEFENSE

The Third Amended Complaint fails to state a claim against the Defendant, MIIA Property and Casualty Group, Inc. (hereinafter "MIIA") upon which relief can be granted pursuant to F.R.C.P. 12(b)(6).

SECOND DEFENSE

The Defendant, MIIA, responds to the allegations contained in the Third Amended Complaint, paragraph by paragraph, as follows:

**PARTIES**

1. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

2. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

3. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

4. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

5. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

6. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

7. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

8. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

9. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

10. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

11. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

12. As the allegations contained in this paragraph contain legal conclusions, no response on the part of Defendant is required. To the extent an answer is required, the Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

13. As the allegations contained in this paragraph contain legal conclusions, no response on the part of Defendant is required. To the extent an answer is required, the Defendant cannot

admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

14. The Defendant denies the allegations set forth in this paragraph of the Third Amended Complaint. The Defendant further provides that MIIA Property and Casualty Group, Inc. is a self-insured governmental insurance group of which the City of West Springfield is a member and which was formed pursuant to M.G.L. c. 40M. MIIA Property and Casualty Group, Inc. administers a coverage form for its members.

## JURISDICTION AND VENUE

15. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

16. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

17. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

## FACTUAL ALLEGATIONS

18. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

19. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

20. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

21. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

22. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

23. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

24. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

25. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

26. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

27. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

28. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

29. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

30. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

31. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

32. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

33. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

34. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

35. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

36. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

37. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

38. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

39. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

40. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

41. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

42. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

43. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

44. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

45. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as

to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

46. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

47. The Defendant cannot admit nor deny the allegations in this paragraph of the Plaintiff's Amended Complaint as it is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and calls upon the Plaintiff to prove same.

48. The Defendant admits receiving a letter dated December 28, 2018. The defendant denies the remaining allegations set forth in this paragraph.

49. The Defendant admits that on or about January 7, 2019 it contacted counsel for Mr. Hollins.

50. The Defendant denies the allegations set forth in this paragraph of the Third Amended Complaint as drafted. MIIA is a public employer's self-insurance group formed pursuant to M.G.L. c. 40M, which is entitled "Governmental Units Pooled Insurance". The Defendant further provides that MIIA Property and Casualty Group, Inc. is a self-insured governmental insurance group of which the City of West Springfield is a member. MIIA Property and Casualty Group, Inc. administers an insurance coverage form on behalf of the City of West Springfield and its employees. The coverage afforded to them is subject to the terms and conditions of the law enforcement coverage form which was in place as of April 23, 2017.

51. The Defendants neither admits nor denies the allegations in this paragraph of Plaintiff's Third Amended Complaint as they call for a conclusion of law. To the extent an answer is required, the allegations are denied.

52. The Defendants neither admits nor denies the allegations in this paragraph of Plaintiff's Third Amended Complaint as they call for a conclusion of law. To the extent an answer is required, the allegations are denied.

53. Defendant admits that a claims representative on behalf of MIIA contacted counsel for Mr. Hollins. The full content of the communication and email speaks for itself, and any inconsistencies are denied.

54. Defendant denies the allegations set forth in this paragraph of Plaintiff's Third Amended Complaint as worded.

55. Defendant admits the allegations in this paragraph.

56. Defendant admits that counsel for Mr. Hollins sent a letter to MIIA dated January 30, 2020. The Defendant denies that the letter complies with M.G.L. c. 93A and c. 176D, and further asserts that the letter speaks for itself.

57. Defendant admits that counsel for the City responded to Mr Hollins' letter on or about January 31, 2020. The Defendant denies the remaining allegations as set forth in this paragraph of Plaintiff's Third Amended Complaint.

58. Defendant admits that a letter was sent to counsel for Mr. Hollins on or about February 28, 2020 by its counsel. The defendant states that letter speaks for itself.

59. Defendant admits that it has not made an offer of settlement on behalf of its members as of April 15, 2020.

### COUNT I – Violations of 42 U.S.C. § 1983 and Ma 11ss. Gen. Laws ch. 12, §11H
### Use of Excessive Force
### (Defendants Sudnick, Wolowicz, Casey, O'Brien, and John/Jane Does)

60. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1-59 as if set forth in full herein.

61. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

62. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

63. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

64. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

65. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

### COUNT II – Violations of 42 U.S.C. § 1983
### (Chief Campurciani, Sergeant Polastry, John/Jane Does, and The City)

66. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1-65 as if set forth in full herein.

67. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

68. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

69. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

70. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

71. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

72. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

73. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

74. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

75. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

76. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

77. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

### **COUNT III – Violation of Mass. Gen. Laws ch. 12, §§ 11H and 11I**
**(Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does)**

78. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1-77 as if set forth in full herein.

79. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

80. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

81. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

82. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

83. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

84. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

### COUNT IV – Violation of Mass. Gen. Laws ch. 12, §§ 11H and 11I
**(Chief Campurciani and Sergeant Polastry)**

85. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1-84 as if set forth in full herein.

86. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

87. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

88. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

89. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

90. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

91. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

<b><u>COUNT V – Assault and Battery</u></b><br><b>(Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does)</b>

92. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1-91 as if set forth in full herein.

93. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

94. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

95. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

96. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

97. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

98. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

<b><u>COUNT VI – Massachusetts Tort Claims Act</u></b><br><b>Mass. Gen. Laws ch. 258 §§ 2 and 4</b><br><b>(The City of West Springfield)</b>

99. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1-98 as if set forth in full herein.

100. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

101. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

102. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

103. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

### COUNT VII – Intentional Infliction of Emotional Distress
### (Sudnick, Wolowicz, Casey, O'Brien, Polastry, and John/Jane Does)

104. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1-103 as if set forth in full herein.

105. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

106. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

107. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

### COUNT VIII– Intentional Infliction of Emotional Distress
### (The City)

108. Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1-107 as if set forth in full herein.

109. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

110. The allegations contained in this paragraph refer to other Defendants and, as such, no response on the part of this Defendant is required. To the extent that a response may be deemed to be required, the Defendant MIIA denies the allegations.

### COUNT IX– Unfair or Deceptive Claim Settlement Practices
### Mass. Gen. Law. Chs 93A, 176D
### (MIIA Property and Casualty Group, Inc.)

111. Defendant repeats and realleges its response to the allegations set forth in paragraphs 1-110 as if set forth in full herein.

112. The Defendant denies the allegations set forth in this paragraph.

113. The Defendant denies the allegations set forth in this paragraph.

### AFFIRMATIVE DEFENSES

### THIRD DEFENSE

By way of affirmative defense, the Defendant asserts that it is an entity formed under M.G.L. c. 40M and, as such, is not subject to M.G.L. c. 176D and accordingly cannot be held liable under M.G.L. c. 93A for alleged violations of M.G.L. c. 176D.

### FOURTH DEFENSE

By way of affirmative defense, the Defendant states that no act or omission by the Defendant was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

### FIFTH DEFENSE

The Plaintiff's claims are barred due to the Plaintiff's failure to mitigate damages, if any.

### SIXTH DEFENSE

The Defendant asserts that the Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH DEFENSE

Defendant states that the Plaintiff is not entitled to maintain this action for the reason that at the time set forth in the Third Amended Complaint, the Plaintiff was not in the exercise of due care and the damages alleged were caused in whole or in part by the negligence of the Plaintiff to a degree greater than any alleged negligence of the Defendants.

### EIGHTH DEFENSE

Defendant states that the Plaintiff has waived his right to assert the claims as alleged in the Third Amended Complaint.

### NINTH DEFENSE

Defendant states that the Plaintiff is estopped from asserting the claims as alleged in the Third Amended Complaint.

### TENTH DEFENSE

Defendant states that the negligence of the Plaintiff is such that his damages should be diminished pursuant to the provisions of M.G.L. c. 231, § 85.

### ELEVENTH DEFENSE

Defendant hereby reserves the right to amend this Answer and assert further affirmative defenses to the extent permitted by law.

### TWELFTH DEFENSE

By way of affirmative defense, the Plaintiff's purported M.G.L c 93A/176D demand letter does not comply with the statutory demand letter requirements of M.G.L. c. 93A.

### THIRTEENTH DEFENSE

By way of affirmative defense, the Defendant states that M.G.L. c. 176D does not contain a private cause of action.

### **DEMAND FOR RELIEF**

WHEREFORE, Defendant, MIIA Property and Casualty Group, Inc., respectfully requests that this Court:

1. Dismiss all claims against the Defendant;

2. Enter judgment for Defendant and against Plaintiff on all claims alleged in the Third Amended Complaint;

3. Award Defendant attorneys' fees and costs;

4. Order such further relief in favor of Defendant as the Court may determine to be just and equitable.

## **JURY DEMAND**

The Defendant, MIIA Property and Casualty Group, Inc., claims a trial by jury on all issues so triable.

Dated:  July 6, 2020

Respectfully submitted,
The Defendant,
MIIA Property & Casualty Group, Inc.,
By its attorneys,

/s/ Arthur E. Maravelis
_____

Arthur E. Maravelis (564673)
Hillary J. Garland (667157)
Tang & Maravelis, P.C.
50 Mall Road, Suite 111
Burlington, MA 01803
781-221-1400
amaravelis@tangmaravelis.com
hgarland@tangmaravelis.com

Certificate of Service

I hereby certify that a true copy of the above document was served upon counsel of record via ECF on July 6, 2020.

**/s/**  Arthur E. Maravelis
_____

Arthur E. Maravelis