UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JEREMY HOLLINS,<br>    Plaintiff,<br><br>v.<br><br>THE CITY OF WEST SPRINGFIELD, THOMAS SUDNICK, JOSEPH WOLOWICZ, JOSEPH CASEY, NATHAN O'BRIEN, ADAM POLASTRY, RONALD CAMPURCIANI, JOHN/JANE DOES (current or former employees of the City of West Springfield), and MIIA PROPERTY AND CASUALTY GROUP, INC.<br>    Defendants. | Civil Action No.:  3:20-cv-10628-MGM |

**MEMORANDUM OF LAW IN SUPPORT OF ASSENTED TO MOTION
OF THE DEFENDANT, MIIA PROPERTY AND CASUALTY GROUP, INC.'S
TO SEVER AND STAY ALL PROCEEDINGS AGAINST IT**

Now comes the Defendant, MIIA Property and Casualty Group, Inc. ("MIIA"), and provides this Memorandum of Law in support of its Motion to Sever and Stay the proceedings in this action against it as alleged in Count IX of the Plaintiff's Third Amended Complaint until the underlying claims by Plaintiff against the remaining Defendants are resolved. The Motion is assented to by all parties.  In support of its motion, MIIA relies upon this Memorandum of Law.

**I.      INTRODUCTION**

MIIA submits this Memorandum in Support of its Motion to Sever and Stay All Proceedings asserted against it in Count IX of the Plaintiff's Third Amended Complaint.  MIIA requests that proceedings and discovery against MIIA be severed and stayed, until the remaining claims against the Co-Defendants are resolved.

1

The Plaintiff's claims against MIIA for alleged violations of M.G.L. c. 93A/176D in this action are premature and not ripe for adjudication. The Plaintiff must first establish and prove his liability action against the Defendants. In the event there is a finding in favor of the Defendants the Plaintiff would have no valid claims against MIIA under Count IX. In that event, all the time, effort and resources directed toward the litigation of the claims asserted against MIIA would have been wasted. Moreover, the claims alleged against the Co-Defendants are factually and legally distinct from the single claim for 93A/176D violations against MIIA. There would be limited overlap of discovery, witnesses and trial testimony and accordingly, it would preserve judicial resources to litigate the matters separately, as the 93A/176D claim may be rendered moot depending on the resolution or outcome in the liability action.

Additionally, discovery should be stayed to avoid extreme prejudice to MIIA and its governmental insurance group members, the remaining Defendants. In the instant matter, the Court must be cognizant of MIIA's dual role as a defendant itself and the governmental insurance group provider for the Co-Defendants. This dual role will undoubtedly cause prejudice to the Co-Defendants if the claims against both MIIA and the Co-Defendants proceed simultaneously. Specifically, discovery of MIIA's claims-handling information would be extremely prejudicial to the interests of MIIA's member insureds, the Co-Defendants in this matter.

**II.     FACTUAL BACKGROUND**

This case arises out of an incident that occurred on April 23, 2017, in the City of West Springfield, Massachusetts. The Plaintiff alleges that following an interaction with officers of the West Springfield Police Department, he sustained serious personal injury and violations of his civil rights.

The Plaintiff's Complaint was amended on or about April 17, 2020 to add the Massachusetts Interlocal Insurance Association as a Defendant. MIIA is a governmental units

pooled insurance entity of which the City of West Springfield is a member. MIIA Property and Casualty Group, Inc. administers a Coverage Form on behalf of the City of West Springfield. A Third Amended Complaint was filed on May 22, 2020, to a correct a misnomer relative to MIIA.

The Third Amended Complaint alleges a single claim against MIIA for Unfair and Deceptive Claim Practices, Count IX. Specifically, the Plaintiff alleges that MIIA failed to reasonably and promptly investigate the events relevant to the claims of the Plaintiff, failed to reasonably act upon communications regarding the Plaintiff's claims, failed to effectuate a prompt and fair settlement of the Plaintiff's claims, failed to inform its insureds of inherent conflicts and their right to be represented by independent counsel and failed to inform its insureds of the possibility of a judgment in excess of the policy limits. As set forth below, Count IX should be severed and stayed from the remaining eight counts against the Co-Defendants.

### III.  LEGAL ARGUMENT

A motion to bifurcate a civil trial rests solely within the discretion of the trial judge. *Dobos v. Driscoll*, 404 Mass. 634, 645, 537 N.E.2d 558 (1989). Rule 42(d), which governs bifurcation in District Court civil trials, states: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues." The Rule confers the necessary discretion on the trial judge "to deal with the exigencies of litigation by separating parties, claims and issues in order 'to secure the just, speedy and inexpensive determination of every action.' *Mass. R. Civ. P. 1*, 365 Mass. 730 (1974)." *Roddy & McNulty Ins. Agency, Inc. v. A.A. Proctor & Co.*, 16 Mass.App.Ct. 525, 529, 452 N.E.2d 308 (1983).

In deciding whether to sever claims and try them separately, a court should consider a

number of factors, including: (1) whether separate trials will help to simplify the issues and avoid confusion; (2) whether separate trials will result in duplication of evidence; (3) whether separate trials will create a risk of inconsistent verdicts; (4) whether separate trials will result in an efficient use of judicial resources; (5) whether separate trials will expedite or delay the proceedings; and (6) the effect on the parties' rights to a jury trial. See *Thorndike ex rel. v. DaimlerChrysler Corp.*, 220 F.R.D. 6, 7-8 (D. Me. 2004); *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990) ("In exercising discretion [under Rule 42(b)], district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."); *Webb v. Hyman*, 861 F. Supp. 1094, 1120 (D.D.C. 1994) (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2388 (1971))("If a single issue could be dispositive of the case, and resolution of it might make it unnecessary to try the other issues, separate trial of that issue may be desirable to save the time of the court and reduce the expense of the parties.").

A number of Massachusetts courts have held that staying 93A/176D proceedings is a sensible approach pending resolution of the underlying claims. For example, a single justice of the Massachusetts Appeals Court held that "to authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order." *Belcher v. Pawtucket Mut. Ins. Co.*, No. 89-J-672, slip op. at 1 (Mass. App. Ct. Sept. 27, 1989) (Kass, J., Single Justice); *see also Gross v. Liberty Mut. Ins. Co.*, No. 84-0138, slip op. at 2 (Mass. App. Ct. Apr. 24, 1984) (Kass, J., Single Justice) ("there ought to be no access to such files until the underlying civil action has been determined") (citation omitted). *See id.; see also Kay Constr. Co. v. Control Point Assocs.,* 15 Mass. L. Rptr. 203, at *6 (Mass.Super.2002) (stating in dicta that it is

appropriate to fashion protective orders in cases where a G.L.c. 93A claim against an insurer are premature until its insured has been found liable).

The Massachusetts Appeals Court has noted that "if a claim for unfair settlement practices is brought with the original liability suit [trial court] judges may take the sensible step of staying the unfair settlement claims pending the outcome of the underlying negligence claim." See *M.J. Flaherty Company v. United Sates Fidelity & Guaranty Co.*, 61 Mass.App.Ct 337 (2004). It has further been noted that "the standard practice is and has long been to stay discovery and trial of an unfair claims settlement practice case until the underlying tort claim has been resolved." *Monty v. Cenedrella and One Beacon Insurance Group, LLC*, Supreme Judicial Court for Suffolk County, SJ-2004-0480 (Sosman, J. 2004) and *Bobick v. United States Fidelity and Guaranty Co.*, 439 Mass. 652 (2003) (c.93A/C176D claims stayed pending the outcome of underlying tort claims); *Adams v. Backiel*, WOCV2008-1311(2008)(c.93A/176D claims stayed pending resolution of underlying tort matter).

In this case, the Court should sever and stay the Plaintiff's claim against MIIA until the liability of the Defendants, if any, is resolved. To allow the Plaintiff to pursue a bad faith claim pursuant to c. 93A and c. 176D at this stage of the proceedings can only lead to the Plaintiff attempting to obtain materials from the claim file maintained by MIIA concerning its handling of the Defendants' matter. Further, any production of such documents would severely prejudice the Defendants' defense to the claims being made against them by the Plaintiff. Accordingly, if this Court were to permit the Plaintiff to conduct discovery on its Chapters 93A and 176D claims against MIIA at this time, MIIA and its insured members, the Defendants, would suffer severe prejudice. Where the possibility of prejudice to MIIA and the Defendants is as great as it is in this matter, and there is no prejudice to the Plaintiff, a sever and stay is appropriate and warranted as

to the Plaintiff's claims against MIIA.

Moreover, a stay would certainly conserve judicial resources in this matter. The underlying personal injury and civil rights counts are numerous and are factually and legally distinct from the single 93A/176D claim against MIIA. As such, there would be little, to no, overlap of evidence and discovery with these claims or in the presentment of these claims at trial.

All parties have assented to the allowance of this Motion. Further, the Defendant, MIIA, states that it will preserve its claims file regarding the underlying action for the pendency of this action.

For all of the reasons set forth above, the Defendant, MIIA, respectfully requests that this Court grant this assented to motion and sever and stay the claims asserted by the Plaintiff against MIIA in Count IX of the Plaintiff's Third Amended Complaint.

Dated:  July 6, 2020

Respectfully submitted,
The Defendant,
MIIA Property & Casualty Group, Inc.,
By its attorneys,

/s/ Arthur E. Maravelis

_____
Arthur E. Maravelis (564673)
Hillary J. Garland (667157)
Tang & Maravelis, P.C.
50 Mall Road, Suite 111
Burlington, MA 01803
781-221-1400
amaravelis@tangmaravelis.com
hgarland@tangmaravelis.com

## CERTIFICATE OF SERVICE

I certify that on this 6th day of July, 2020, the within document was electronically filed through the ECF system and will be served electronically upon counsel of record:

/s/ Arthur E. Maravelis

_____
Arthur E. Maravelis (564673)